In the Matter of ALEXANDER DOLINS, an Attorney.— Respondent was admitted to the bar in the First Department in October, 1915, and up to 1926 practiced in the borough of Manhattan. The charges against respondent are: (1) Respondent, on many occasions, parted with valuable consideration to one Thomas R. Hughes, a layman, as an inducement for procuring to be placed in his, respondent's hands, sundry demands and alleged causes of action at law for personal injuries and otherwise; (2) respondent, on more than one occasion, parted with valuable consideration to one Anthony Sagona, a layman, as an inducement for procuring to be placed in his, respondent's, hands sundry demands and alleged causes of action at law for personal injuries and otherwise; (3) that on more than one occasion, respondent, in order to procure a more favorable allowance to himself as attorney for the plaintiff than would have been possible in a settlement of a Supreme Court action, discontinued such Supreme Court action or actions and instituted new actions in the Municipal Court of the City of New York for the identical case and consummated the settlement in said Municipal Court. The learned official referee reports that respondent had a practice consisting of little other than negligence cases and never tried cases in the highest courts; that most of the cases were settled, and for the few that were tried, special counsel was engaged; that prior to the time respondent came to Brooklyn he had divided fees with one Sagona, a well-known " ambulance chaser;" that on the hearing respondent denied such relationship with Sagona; that while Sagona was " an unreliable man with no sense of integrity or even loyalty to his employer," his testimony in this connection is supported by other testimony in the case; that respondent while practicing in Manhattan had employed others to procure cases for him and paid them small sums for their services, according to the nature of the injuries; that there is no evidence that after respondent's removal to Brooklyn he divided his fees with any one; that before and after his removal to Brooklyn he did pay two certain individuals a salary for procuring and investigating cases; that as to one of these part of the salary was paid for soliciting and procuring cases; that at least seven cases were begun in the Supreme Court which should have been begun in the Municipal Court, and were then transferred to the Municipal Court to facilitate settlements, it being asserted that the Municipal Court exercises no supervision over the amounts given in settlement of cases in that court; that the " business " in Brooklyn of respondent could have been conducted by his lay employees except for the necessity of having the lawyer's license to issue process. The conclusions of fact reached by the official referee are fully warranted by the testimony. The record does not disclose any dishonest act on the part of respondent in his dealing with his clients or in connection with

witnesses. All of the books that he had since he came to Brooklyn were brought into court, and there is no suggestion that he made any effort to suppress facts with reference to his practice, save as to his relationship with Sagona. Respondent's practice since coming to Brooklyn was not as pernicious as it was when he was in Manhattan. At the instance of his wife, he gave up his relationship with notorious " ambulance chasers," with one of whom a division of fees was necessary. The court is of opinion that respondent should be suspended from the practice of the law for a period of five years. Lazansky, P. J., Rich, Kapper and Scudder, JJ., concur; Hagarty, J., dissents and votes to confirm the report of the official referee, with the following memorandum: In my opinion the official referee was justified in accepting the testimony of Sagona as between him and the respondent. Assuming that Sagona was unreliable, as found by the official referee, the relationship was not casual but was of long duration and established by the respondent himself. I see no reason for rejecting the finding of the official referee upon this question of fact. Further, the transfer to the Municipal Court of negligence actions pending in the Supreme Court, for the purpose of evading the supervision exercised by the Supreme Court in all cases brought by infants, was not consistent with honesty, in view of the fact that no supervision whatsoever is exercised by the Municipal Court in such cases. In applications for settlements in such actions, the supervision of the Supreme Court extends to the honesty and fairness of the settlement, upon proof submitted, and fixes the lawyer's fee. In other words, the rights of the infant are amply protected. It is further my opinion, that the Board of Justices of the Municipal Court should adopt a rule providing that such actions pending in that court shall be settled only upon application to the court, when the justice of the settlement shall be determined and the lawyer's fee fixed as in the Supreme Court.

In the Matter of JAMES P. KOHLER, an Attorney.— Motion to confirm report of official referee granted and respondent suspended from the practice of the law for a period of thirty days. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.